1    MELINDA HAAG (CABN 132612)
     United States Attorney
2
     J. DOUGLAS WILSON (DCBN 412811)
3    Chief, Criminal Division

4    S. WAQAR HASIB (CABN 234818)
     Assistant United States Attorney
5        450 Golden Gate Ave., Box 36055
         San Francisco, California 94102
6        Telephone:  (415) 436-7200
         Fax: (415) 436-7234
7        E-Mail: waqar.hasib@usdoj.gov

8    Attorneys for Plaintiff

9
                          UNITED STATES DISTRICT COURT
10
                       NORTHERN DISTRICT OF CALIFORNIA
11
                             SAN FRANCISCO DIVISION
12

13
     UNITED STATES OF AMERICA,          )    No. CR-12-0030-EMC-6
14                                       )
             Plaintiff,                   )    STIPULATION AND [PROPOSED]
15                                       )    PROTECTIVE ORDER REGARDING
        v.                               )    PRODUCTION OF CONFIDENTIAL
16                                       )    DISCOVERY
     FRANKLIN ALMENDAREZ, a/k/a Pelon,   )
17                                       )
             Defendant.                   )
18   _____)

19          Plaintiff, by and through its attorney of record, and the defendant, by and through his

20   attorney of record, hereby stipulate and ask the Court to find as follows:

21          1.      On January 17, 2012, a federal grand jury in the Northern District of California

22   returned a 15-count indictment charging 20 individuals with various drug trafficking offenses in

23   *United States v. Antonio Jose DIAZ-RIVERA, et. al.,* CR-12-0030-EMC.  The above captioned

24   defendant, Franklin ALMENDAREZ, a/k/a Pelon, was named as a defendant in that indictment.

25   ALMENDAREZ was apprehended on June 22, 2013, and has since been arraigned and assigned

26   counsel.

27          2.      The United States is currently preparing to disclose discovery materials to

28   ALMENDAREZ.  The United States believes that the proposed protective order is necessary to

preclude some discovery materials, which may contain the identities of potential witnesses and/or cooperating witnesses or information from which those identities may be discovered, from being disseminated among members of the public and to the defendant.  Specifically, the government believes that the proposed protective order will greatly reduce the possibility that individuals will misuse discovery materials to identify, intimidate, and/or harm witnesses and/or defendants.[1]

3.       Defendant ALMENDAREZ and his counsel deny that any person would be endangered by the defendant's possession of any discovery material in this matter.  The parties agree that no inference should be drawn about the defendant's dangerousness because of his agreement to enter into this stipulation and be subject to the protective order.

4.       The parties agree that the following conditions, if ordered by the Court, should serve the government's interest in protecting witnesses, defendants, and other members of the community and reduce the risk of retribution against cooperating witnesses by precluding the circulation of these documents and digital media (e.g., CD-ROMs, DVDs, and digital photographs) throughout the prison system and the community, while permitting the defense to obtain discovery required by Federal Rule of Criminal Procedure 16 and the United States Constitution.  Accordingly, the parties jointly request that the Court order as follows:

a.       For purposes of this Order, the term "defense team" refers to: (1) the counsel of record for the defendant; (2) defense investigators assisting said counsel with this case; (3) employees of said counsel's law office; and (4) any expert witnesses who may be retained or appointed by said counsel.  For purposes of this Order, the term "defense team" does not include the defendant.

b.       The government is authorized to provide the defense team with discovery required by F.R.Cr.P. 16 and may, in its discretion, designate any discovery produced as

---

[1]This Court previously issued a nearly identical protective order that was stipulated to by the other co-defendants in this case, prior to the arrest and arraignment of ALMENDAREZ. *Stipulation and Protective Order Re: Production of Confidential Discovery,* Docket No. 128 (November 16, 2012).

STIPULATION AND [PROPOSED] ORDER
CR-12-0030-EMC

"Confidential Discovery" to be governed by the terms of this protective order. The government may designate discovery as confidential by marking such discovery as "CONFIDENTIAL" and shall produce such discovery on a document, CD, or DVD marked "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER. UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

c.      The defense team shall not permit anyone, including the defendant, to have possession of Confidential Discovery pursuant to this Order other than the defense team.

d.      The defense team shall not discuss the contents of any Confidential Discovery provided pursuant to this Order to anyone other than the defendant. A defense team member may show Confidential Discovery to the defendant or a potential witness only in the physical presence of a defense team member, and may not permit the defendant or the potential witness to have physical possession of the Confidential Discovery.

e.      The defense team shall not permit Confidential Discovery provided pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal control. The defense team may take Confidential Discovery into a custodial facility to show it to the defendant, but, as explained above, the defense team must maintain physical possession of the Confidential Discovery and may not allow the defendant to have physical possession of the Confidential Discovery.

f.      In the event that one of the parties files a pleading that references or contains Confidential Discovery or information therefrom, that filing must be made under seal.

g.      The defense team shall return all Confidential Discovery provided pursuant to this Order to the government fourteen calendar days after any one of the following events, whichever occurs latest in time: dismissal of all charges against the defendant; the defendant's acquittal by court or jury; the conclusion of any direct appeal; the expiration of the time period for filing a motion pursuant to 28 U.S.C. § 2255; or the district court's ruling on any motion filed pursuant to 28 U.S.C. § 2255. In the event that the defense team has made notes or marks on the Confidential Discovery constituting work product the defense team shall return the materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

1        h.      After return of the materials, the government may destroy the Confidential

2

3    Discovery.

4        IT IS SO STIPULATED.

5

6    DATED: July 2, 2013                          Respectfully submitted,

7                                                 MELINDA HAAG
                                                  United States Attorney
8
     /s/ William P. Keane                         /s/ S. Waqar Hasib
9    WILLIAM P. KEANE, ESQ.                       S. WAQAR HASIB
     Counsel for Franklin ALMENDAREZ              Assistant United States Attorney
10

11

12   SO ORDERED.

13

14   DATED:        July 9, 2013

15

16

17

18

19

20

21

22

23

24

25

26

27

28

STIPULATION AND [PROPOSED] ORDER
CR-12-0030-EMC